Filed 5/20/22  P. v. Penaloza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060553 |
| v. | (Super. Ct. No. 17NF1844) |
| JOSE MANUEL PENALOZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Robert F. Somers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Acting Chief Assistant Attorney General, Melissa Mandel and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

Jose Manuel Penaloza appeals from the sentence imposed after his conviction under Penal Code sections 261.5, 288a, and 288.[1] He asserts that newly amended section 1170 applies to him, and his judgment was not final when the amendment went into effect. In addition, a new amendment to section 654 could have an ameliorative effect on his sentence. Accordingly, his sentence should be vacated and remanded for resentencing under the new laws. The Attorney General agrees, and we concur and return the matter to the trial court for resentencing.

**FACTS**

On May 21, 2021, Penaloza, age 36, was convicted of unlawful sexual intercourse (§ 261.5, subd. (d)), oral copulation with a minor under 16 (§ 288a, subd. (b)(2)), and lewd act upon a child (§ 288, subd. (c)(1)). He'd had sex with a 15-year-old girl. Penaloza was sentenced to three years (the middle term) on count 3, the unlawful sexual intercourse count, and two years on the other two counts, concurrent with the third count.

**DISCUSSION**

Penaloza makes two arguments on appeal. First, newly effective section 1170, subdivision (b)(6)(A), applies to him, and, second, his sentence under count 1 should have been stayed so that he could benefit from the amendment to section 654, subdivision (a).

Section 1170, subdivision (b)(6)(A), became effective on January 1, 2022. The new subdivision provides, "Notwithstanding paragraph (1),[2] and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall

---

[1] All further statutory references are to the Penal Code.

[2] Paragraph (1) provides, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

2

order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

Penaloza contends that the subdivision applies to him, that he was suffering from various traumas when he committed the offenses. The Attorney General agrees that there may have been some evidence of applicable trauma, but because Penaloza's sentencing preceded the effective date of the amendment, this evidence was not considered. "As such, remand is necessary to permit [Penaloza] to make a record of prior trauma that he believes was a contributing factor in the commission of these offenses."

As of January 1, 2022, section 654, subdivision (a), provided, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (Italics added.) The amendment substituted "may be punished under either such provisions" for "shall be punished under the provision that provides for the longest potential term of imprisonment."

Now that the court is no longer required to impose the longest potential term of imprisonment, Pedroza argues, it could rearrange his sentencing so that it was reduced by a year. Because the matter is being returned to the trial court for reconsideration of Pedroza's sentence under section 1170, the Attorney General does not oppose revisiting the application of the amendment to section 654 to Penaloza's sentence as well.

We agree that the trial court should reconsider the entirety of Pedroza's sentence under the new legislation.  It should have maximum flexibility to consider all the relevant factors when it determines the new sentence.

## DISPOSITION

Appellant's sentence is reversed, and the matter is remanded for resentencing.  In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.